## Peay, Receiver, etc., vs. Ramsey.

It is not within the power of the legislature to compel the Receiver of the *Real Estate Bank* to receive the bonds of the State issued to the *State Bank* in payments of debts due to the *Real Estate Bank*.

*Appeal from Pulaski Circuit Court.*

Hon. John J. Clendenin, Circuit Judge.

S. H. Hempstead for the appellant.

Watkins & Gallagher, for the appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Peay, as Receiver in Chancery of the assets of the Real Estate Bank, brought an action of debt, in the Pulaski Circuit Court, against Ramsey, on a bond for $200, which constituted a part of the assets of the bank.

The defendant pleaded a tender before suit, in " bonds of the " State of Arkansas, issued by said State to and for the benefit " and in behalf of the Bank of the State," etc.

The plaintiff demurred to the plea, the Court overruled the demurrer, and the plaintiff declining to plead over, final judgment was rendered for the defendant, and the plaintiff appealed.

If it was the intention of the legislature, as it perhaps was, by the act of 12th January, 1853. (*Pamphlet Acts of* 1852, *p.* 196), to compel the Receiver of the Real Estate Bank to receive the bonds of the State issued to the *Bank of the State* in payment of debts due to the *Real Estate Bank,* the act is in conflict with that provision of the Constitution of the United States which declares that *no State shall make any thing but gold and silver coin a tender in payment of debts.*

The Bank of the State being exclusively a State institution, debts due to it are in effect due to the State, and she may provide for their payment in her own bonds, as she has done, or in any thing else that she is willing to accept in lieu of money. See *Fagan, etc. vs. Stillwell,* 19 *Ark.* 285.

But the debts due the Real Estate Bank do not belong to the State. They are held by the Receiver in trust for the benefit of the creditors of the bank, under the deed of assignment, and the individuals who compose the stockholders of the bank, etc.

The Real Estate Bank was in no way bound for the payment of the bonds issued by the State for the benefit of the Bank of the State, and if the legislature could compel the Receiver of the Real Estate Bank to take these bonds in payment of debts due to it, they could also make the paper of any bank, or the bonds of any other corporation or State, however depreciated, a legal tender in payment of such debts. (See *Paup et al. vs. Drew,* 10 *How.* 219; 2 *Story on Con. sec.* 1372.

The judgment of the Court below is reversed, and the cause remanded, etc.

Absent, Mr. Justice Rector.